UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CHRIS VAUGHAN, CHARLEEN SWANEY, and MARTIN PETERSEN, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:11-cv-1041-GEB-CKD<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   July 16, 2012<br>Time:   9:00 a.m.<br>Dept.:  10<br>Judge:  Hon. Garland E. Burrell, Jr |

This Motion of Plaintiffs, Chris Vaughan, Charleen Swaney, and Martin Petersen ("Plaintiffs"), for an Order preliminarily approving a proposed Settlement of the above-entitled putative Class Action came on for hearing on July 16, 2012. Having reviewed the Settlement Agreement, the papers filed in connection with the motion and the argument of counsel, and good cause appearing therefore subject to the entry by the Court of a Final Order,

**IT IS HEREBY ORDERED THAT:**

1.   Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement is GRANTED.

2.   The parties' Settlement Agreement is preliminarily approved as fair, reasonable and adequate.

1    3.    The Court conditionally certifies, for settlement purposes only, a Class of "All persons in California from whom a Home Depot employee requested and recorded personal identification information in conjunction with purchases made by credit card at any of Home Depot's California retail locations at any time from February 15, 2010, through the date of this Preliminary Approval Order."

4.    The Court finds that the prerequisites to a class action under Fed.R.Civ.P. 23(a) have been satisfied for settlement purposes in that:

    a.    there are a sufficient number of Class members to satisfy the numerosity requirement;

    b.    the claims of the class representatives are typical of those of the other members of the class; and

    c.    the class representatives will fairly and adequately protect the interests of the class and have retained counsel experienced in complex class action litigation who have and will adequately represent the class.

5.    The Court finds that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the class predominate over any questions affecting only individual members.

6.    The Court appoints, for settlement purposes only, Plaintiffs Chris Vaughan, Charleen Swaney, and Martin Petersen as the representatives of the Class.

7.    The Court appoints, for settlement purposes only, the law firms of Stonebarger Law, APC, Patterson Law Group, APC, and Initiative Legal Group, APC as counsel for the Class.

8.    The Court finds that the manner and content of the Class Notice specified in Section 3.2 of the Settlement Agreement on file herein satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and will provide the best practicable notice to the Class Members. Said Class Notice shall be provided within thirty (30) calendar days after Preliminary Approval.

9.    Defendant shall pay all costs associated with distributing the Class Notice and

LINDSAY & STONEBARGER
A Professional Corporation

1 administrating the settlement as provided in the Settlement Agreement.

2   10.   Any Class Member who has not submitted an exclusion request and who wishes to object to the Settlement, the proposed amount of incentive awards to the Class Representatives, and/or the proposed amount of attorneys' fees and costs to be paid to Class Counsel, must file a written objection with the Court, serve copies on Class Counsel and Defendant's counsel, no later than thirty (30) days prior to the Fairness Hearing.  The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.  The objection must include the Class member's name, address and the last four (4) digits of the credit card used in the purchase from Home Depot.  Unless otherwise requested by the Court, Class Members shall not be entitled to speak at the Fairness Hearing unless they have submitted a timely written objection pursuant to the Settlement Agreement.

11.   Any Class Member who desires exclusion from the Class must mail a written request for exclusion to the Claims Administrator no later than thirty (30) days prior to the Fairness Hearing.  Requests for exclusion must set forth the Class member's name, address and the last four (4) digits of the credit card used in the purchase from Home Depot.

12.   No later than twenty (20) days prior to the Fairness Hearing, the Claims Administrator shall prepare a list of the persons who, pursuant to the class notice, have excluded themselves from the Class in a valid and timely manner and shall deliver that list to the Court, with service on Class Counsel.

13.   Any papers in support of the Settlement Agreement must be filed with the Court at least fifteen (15) days prior to the Fairness Hearing.

14.   A Fairness Hearing shall be held by this Court on October 22, 2012 at 9:00 a.m. in Department 10 to consider fully and finally determine:  (i) whether the Settlement Agreement should be approved as fair, reasonable, and adequate for the Class; (ii) whether a judgment granting approval of the settlement should be entered; (iii) whether Plaintiffs' motion for an award of attorneys' fees and costs to Class Counsel, and incentive awards for the Class Representatives, should be granted; and (iv) to rule upon other such matters as the Court may deem appropriate.  The Fairness Hearing may be postponed, adjourned or continued by order of

-3-
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

the Court without further notice to the Class.  Any Settlement Class Member who wishes to object to the Settlement at the Fairness Hearing must file a Notice of Intention to Appear no later than fourteen (14) days before the Fairness Hearing.  The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member or his or her attorney anticipates needing to present the objection; (ii) identify by name, address, telephone number, and detailed summary of testimony, all witnesses the Settlement Class member and/or his or her attorney intends to present testimony from; and (iii) identify all exhibits the Settlement Class Member or his or her attorney intends to offer in support of the objection and attach complete copies of all such exhibits.

15. If the Settlement Agreement is approved at the Fairness Hearing, the Court shall enter a Final Order Approving the Settlement Agreement and Judgment.  The Final Order shall be fully binding with respect to all Class Members who did not request exclusion in accordance with the terms of the Settlement Agreement.

16. In the event that the proposed settlement reflected by the Settlement Agreement is not approved by the Court, or entry of a Settlement Order and Final Judgment as provided in the Settlement does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as of the date of the execution of the Settlement.

17. Pending final determination of whether the Settlement should be approved, neither the named plaintiffs, nor any member of the Settlement Class either directly, representatively, or in any other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting any claim against Home Depot and any other of the Released Parties unless such person has timely requested exclusion from the class according to the terms of this settlement.

18. In sum, the dates for performance are as follows:

(a) Notice must be provided as soon as practicable upon Preliminary Approval of the settlement, but no later than thirty (30) days after Preliminary Approval.

(b) Objections to the settlement must be made no later than thirty (30) days prior to the Final Fairness Hearing.

(c) All Class Members who are eligible to request exclusion and desire to be excluded must contact the Claims Administrator no later than thirty (30) days prior to the Final Fairness Hearing.

(d) Plaintiffs shall file their motion for an award of attorneys' fees and costs to Class Counsel, and for incentive awards to the Class Representatives, no later than forty-four (44) days before the Final Fairness Hearing.

(e) Any papers in support of Final Approval of the Settlement Agreement must be filed with the Court at least fifteen (15) days prior to the Final Fairness Hearing.

(f) The Final Fairness Hearing is to be held on October 22, 2012 at 9:00 a.m.

19. In the event that the Final Order is not entered for any reason, then the Settlement Agreement, as well as the findings contained herein, shall be deemed null and void *ab initio*.

**Date: 6/29/2012**

_____
GARLAND E. BURRELL, JR.
United States District Judge