1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CHRIS VAUGHAN, CHARLEEN SWANEY, and MARTIN PETERSEN, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:11-cv-1041-GEB-CKD<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  October 22, 2012<br>Time:  9:00 a.m.<br>Dept.:  10<br>Judge:  Hon. Garland E. Burrell, Jr. |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The motion by plaintiffs Chris Vaughan, Charleen Swaney and Martin Petersen (collectively, "Plaintiffs"), which seeks entry of an Order granting final approval of Plaintiffs' proposed class action settlement agreement and release (the "Agreement"), came on regularly for a hearing before this Court on October 22, 2012.  The Court having considered all papers and arguments made with respect to the Final Approval Motion, the Agreement and the settlement set forth therein, and having provisionally certified a settlement class by Order dated June 29, 2012 [Doc. 32] (the "Settlement Class"), hereby finds and orders as follows:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court finds, for settlement purposes only, that the Settlement Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23.  The Court finds, for settlement purposes only that:  (a) the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Settlement Class members; (c) the Plaintiffs' claims are typical of the claims of the Settlement Class; (d) class counsel have fairly and adequately protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Court appoints Stonebarger Law, APC, Patterson Law Group, APC, and Initiative Legal Group, APC as counsel for the Settlement Class ("Class Counsel").

3. Notice to the Settlement Class has been provided by U.S. mail and by in-store posting in accordance with the Court's Preliminary Approval Order dated June 29, 2012 [Doc. No. 32].  The notice:  (i) fully and accurately informed Settlement Class members about the above-referenced action (the "Action") and settlement; (ii) provided sufficient information so that Settlement Class members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; (iv) provided the time, date and place of the final fairness hearing; and (v) was given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies due process.

4. The Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties with the assistance of a well-respected Mediator, Mr. John B. Bates, Jr., and is supported by the Class representatives Vaughan, Swaney and Petersen (the "Class Represenatives").

5. The settlement as set forth in the Agreement is fair, reasonable and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

6. The relief made available to Settlement Class members under the Agreement constitutes fair value given in exchange for the releases of the Released Claims against the Released Parties, as those terms are defined below.

7. Elena DS Anthony has validly excluded herself from the Settlement Class in accordance with the provisions of the preliminary approval order.

8. The Parties and each Settlement Class member have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Agreement.

9. It is in the best interests of the Parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a class member) and any Released Party which in any way relates to the applicability or scope of the Agreement or this Order be presented exclusively to this Court for resolution by this Court.

10. This action is finally certified as a class action for settlement purposes only against Defendant on behalf of a Settlement Class which is defined as follows:  "All persons in California from whom a Home Depot employee requested and recorded personal identification information in conjunction with purchases made by credit card at any of Home Depot's California retail locations at any time from February 15, 2010, through June 29, 2012."

11. The Agreement submitted by the Parties is finally approved as fair, reasonable and in the best interests of the Settlement Class, and the Parties are directed to consummate the

1   Agreement in accordance with its terms.

2   12. The complaint in this Action shall be deemed dismissed with prejudice 15 days
3   after this Order becomes final in accordance with the Agreement.

4   13. For purposes of this Order, "Released Claims" are: Plaintiffs and each Settlement
5   Class member, and each of their, his, or her, as the case may be, respective successors, assigns,
6   legatees, heirs and personal representatives who or that have not timely requested exclusion from the
7   Settlement Class shall release and forever discharge Home Depot, and each of its past and present
8   parents, divisions, subsidiaries, affiliates, predecessors, partners, successors, assigns, officers,
9   directors, employees, investigators, attorneys, contractors, subcontractors, agents, and representatives
10  and all persons acting by, through, under or in concert with them, or any of them (the "Home Depot
11  Released Parties"), from the Released Claims, including, without limitation, from any and all claims,
12  rights, demands, actions, obligations, damages, liabilities, and causes of action of any and every kind,
13  nature and character whatsoever, whether based in tort, contract, statute or on any other theory of
14  recovery, whether known or unknown, and whether for equitable relief, statutory penalties,
15  compensatory or punitive damages, which Plaintiffs or each member of the Settlement Class ever had
16  or could have asserted against the Home Depot Released Parties arising out of or relating to any and
17  all alleged requests for and recording of personal identification information, including violations of
18  California Civil Code section 1747.08.

19  14. Plaintiffs and each Settlement Class member, and each of their, his or her, as the
20  case may be, respective successors, assigns, legatees, heirs and personal representatives, also
21  expressly waive and relinquish, as to the Released Claims defined above, to the fullest extent
22  permitted by law, the provisions, rights and benefits of section 1542 of the California Civil Code,
23  or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

15.     The Court hereby approves and orders that the Released Parties are hereby released and forever discharged from the Released Claims whether known or unknown, suspected or unsuspected, in law or equity, that any member of the Settlement Class who has not timely excluded himself/herself from these Actions and settlement (including their past, present or future agents, legal representatives, trustees, parents, partners, estate, heirs, executors and administrators) ever had, now has, or hereafter can, shall or may have against the Released Parties.

16.     Settlement Class members and each of their, his, or her, as the case may be, respective successors, assigns, legatees, heirs and personal representatives heirs, executors, administrators, are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

17.     Without affecting the finality of this Order, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the Agreement.

18.     Neither the Settlement Agreement in this action, nor any act performed or document executed pursuant to or in furtherance of the settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of Home Depot; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Home Depot in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

19.     An award of One Hundred Sixty Seven Thousand and Five Hundred Dollars and No Cents ($167,500.00) in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this action, and the benefits obtained for the Settlement Class members.

20.     An incentive award to each Plaintiff in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) is fair and reasonable in light of Plaintiffs' risks in

1 | commencing these Action as the Class representatives; and (b) the time and effort spent litigating
2 | this action as the Class representatives.

3 | **IT IS SO ORDERED.**

5 | **Date:  10/22/2012**

```
                                    _____
                                    GARLAND E. BURRELL, JR.
                                    Senior United States District Judge
```